UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:23-cv-00824-MR

| | |
|---|---|
| RAMAR DION BENJAMIN CRUMP, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> ) <br> ) <br> OHIO CASUALTY INSURANCE ) <br> COMPANY, et al., ) <br> ) <br> Defendants. ) <br> _____ ) | ORDER |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint, [Doc. 1], filed under 42 U.S.C. § 1983, see 28 U.S.C. §§ 1915(e) and 1915A. Plaintiff is proceeding in forma pauperis. [Docs. 2, 6].

## I. BACKGROUND

Pro se Plaintiff Ramar Dion Benjamin Crump ("Plaintiff") is a prisoner of the State of North Carolina currently incarcerated at the Foothills Correctional Institution Morganton, North Carolina. On March 29, 2022, Plaintiff filed a Complaint pursuant to 42 U.S.C. § 1983 against various unnamed officers with the Mecklenburg County Sheriff's Office ("Sheriff's Office") and Mecklenburg County Detention Center ("MCDC") alleging the

use of excessive force on September 4, 2021.[1] [Case No. 3:22-cv-133-MR, Doc. 1]. The Complaint passed initial review and the Court entered a scheduling order. [Id., Docs. 8, 23]. The Plaintiff conducted some discovery in that action and obtained a list of the names of the 15 officers who were present during the incident. [Id., Doc. 31-4 at 3]. Plaintiff, however, never moved to substitute named Defendants for unnamed Defendants or sought an extension of the scheduling order deadlines. The Court granted Defendants' motion for summary judgment, finding that Plaintiff had not diligently prosecuted the action, that Plaintiff was either unwilling or unable to name the Defendants, and the case could not proceed further against the John Doe Defendants. [Id., Doc. 48 at 8]. The Court dismissed the action without prejudice to Plaintiff reasserting the claims therein against named defendants. [Id., id. at 10, n.3].

Now before the Court on initial review is Plaintiff's renewed Complaint regarding the alleged events of September 4, 2021, at the MCDC. [Doc. 1]. Plaintiff names 15 Defendants, including the Ohio Casualty Insurance

---

[1] Plaintiff alleged, in relevant part: "On the night of 9/4/21 in pod 3900 I was hit in the head from behind with a baton by an unidentified Mecklenburg County Sheriff Officer, then beaten with fist by multiple officers…. Due to the staff shortage multiple officers from all parts of the Sheriff Office itself were called to respond led by the D.A.R.T. team…. Meck Co. Sheriff Office coordinated response with the Detention Center. I was assaulted by unidentifiable officers of both the D.A.R.T. team and the Sheriff Office and the Detention Center." [Case No. 3:22-cv-133, Doc. 1 at 5 (errors uncorrected)].

Company, the MCDC, and Sheriff's Office "Deputy Officers" Geoffrey Anderson, Bentrell Blocker, Demaris Clegg, Scott Morin, Charles McPhatter, J. Grimes, FNU Yates, Christopher Hendy, Willie Martin, James Ingram, Nicolaus Bennett, Miguel Burgos, and Klut Rahlan. [Id. at 2-3, 12-14]. Plaintiff purports to name all Defendants in their individual and official capacities. [Id.]. Plaintiff alleges as follows:

> I was physically assault & beaten by multiple officers of Mecklenburg County Detention Center. I was hit in the head from behind with a baton, punched in head with fist, tasered multiple times and maced. The assault was witnessed by multiple officers who neglected to intervene in and stop the negligent and reckless misconduct and abuse.

[Id. at 5 (errors uncorrected)]. As to each individual Defendant, Plaintiff alleges that he/she "assisted fellow officers in assaulting and beating Plaintiff" and "neglected to intervene when Plaintiff was hit in the head with a baton."[2] [Id. at 15-16]. Plaintiff alleges that Defendant Ohio Casualty is the surety for the officers of the Sheriff's Office and that Defendant MCDC "facilitated the misconduct and misbehavior of employees through neglect and failure to investigate reported misconduct and misbehavior according to MCSO policy and take appropriate action to deter misconduct." [Id. at 15-

---
[2] Thus, it appears that Plaintiff remains without knowledge of what role each named Defendant played in the alleged events.

16].

Plaintiff claims violation of his rights under the Eighth and Fourteenth Amendments. [Id. at 3]. For injuries, Plaintiff claims he suffered various physical and emotional injuries. [Id. at 5]. Plaintiff seeks monetary relief only. [Id.].

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, under § 1915A the Court must conduct an initial review and identify and dismiss the complaint, or any portion of the complaint, if it is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune to such relief.

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a

district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

To state a claim under § 1983, a plaintiff must allege that he was deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed by a "person" acting under color of state law. See 42 U.S.C. § 1983; Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999); Health & Hosp. Corp. of Marion Cnty. v. Talevski, 599 U.S. 166, 143 S.Ct. 1444 (2023)

### A. Defendant MCDC

Defendant MCDC is not a proper Defendant in this matter because it is not a "person" subject to suit under § 1983. See Brooks v. Pembroke Cty. Jail, 722 F. Supp. 1294, 1301 (E.D.N.C. 1989). As such, Plaintiff has failed to state a claim against this Defendant and the Court will dismiss it.

### B. Official Capacity Claims

Suits against an officer in his official capacity "generally represent only another way of pleading an action against an entity of which an officer is an agent." Kentucky v. Graham, 473 U.S. 159, 165, 105 S.Ct. 3099 (1985) (1985) (quoting Monell v Dep't of Soc. Servs. of the City of New York, 436

U.S. 658, 690 n. 55, 98 S.Ct. 2018, 2035 (1978)). The Office of Sheriff is not liable under § 1983 for an employee's acts "unless action pursuant to official municipal policy of some nature caused [the] constitutional tort." Collins v. City of Harker Heights, 503 U.S. 115, 120-21, 112 S.Ct. 1061, 1066 (quoting Monell, 436 U.S. at 691, 98 S.Ct. at 2036). That is, "[f]or a governmental entity to be liable under section 1983, the official policy must be the moving force of the constitutional violation." Moore v. City of Creedmoor, 345 N.C. 356, 366, 481 S.E.2d 14, 21 (1997) (internal quotation marks and citations omitted). "Thus, the entity's 'policy or custom' must have played a part in the violation of federal law." Id. (quoting Monell, 436 U.S. 658, 694, 98 S.Ct. at 2037-38).

Plaintiff purports to sue the individual Defendants, who are employees of the Mecklenburg County Sheriff's Office, in their official and individual capacities. Plaintiff, however, fails to allege that any official policy was the moving force behind or otherwise played a part in any constitutional violation. Plaintiff alleges only that Defendant MCDC "facilitated the misconduct" by failing to investigate pursuant to Sheriff's Office policy the misconduct "of employees involved" and "take appropriate action to deter misconduct." The Court, therefore, will dismiss Plaintiff's official capacity claims.

## C. Excessive Force and Failure to Protect

The Fourteenth Amendment "protects a pretrial detainee from the use of excessive force that amounts to punishment." Graham v. Connor, 490 U.S. 386, 395 n.10 (1989). To state an excessive force claim, a pretrial detainee must show only that the force "purposely or knowingly used against him was objectively unreasonable." Kingsley v. Hendrickson, 576 U.S. 389 (2015). The standard for assessing a pretrial detainee's excessive force claim is "solely an objective one." Id. In determining whether the force was objectively unreasonable, a court considers the evidence "from the perspective of a reasonable officer on the scene, including what the officer knew at the time, not with the 20/20 vision of hindsight." Id. (citing Graham, 490 U.S. at 396).

Similarly, "[a] failure-to-protect claim brought by a pretrial detainee constitutes a due process claim under the Fourteenth Amendment to the United States Constitution." McFadden v. Butler, No. TDC-16-0437, 2018 WL 1394021, at *4 (D. Md. Mar. 19, 2018) (citing Smith v. Sangamon Cty. Sheriff's Dep't, 715 F.3d 188, 191 (7th Cir. 2013). "[T]he standards for a Fourteenth Amendment failure-to-protect claim are the same as those for a comparable claim brought by a convicted prisoner under the Eighth Amendment." Id. (citations omitted). To show deliberate indifference under

the Eighth Amendment, a plaintiff must allege that the prison official had actual knowledge of an excessive risk to the plaintiff's safety. Danser v. Stansberry, No. 13-1828, 2014 WL 2978541, at *5 (4th Cir. Sept. 12, 2014). In other words, the prison official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer v. Brennan, 511 U.S. 825, 837 (1994). Further, the deprivation alleged must be, objectively, sufficiently serious." Id. at 235-36 (citation and internal quotation marks omitted); see Brown v. N.C. Dep't of Corr., 612 F.3d 720, 723 (4th Cir. 2010) ("[A] prisoner must allege a serious or significant physical or emotional injury resulting from the challenged conditions.") (quoting Odom v. S.C. Dep't of Corr., 349 F.3d 765, 770 (4th Cir. 2003))).

Taking Plaintiff's allegations as true for the purposes of this initial review and drawing all reasonable inferences in his favor, Plaintiff's claims based on the use of excessive force and the failure to protect him from harm survive initial review as not clearly frivolous.

Plaintiff, however, is admonished that, once the Pretrial Order and Case Management Plan is entered in this case, he must conduct discovery in such a manner as to specifically identify which Defendant(s) committed the particular acts of which he complains. That is, Plaintiff must adduce facts

8

Case 3:23-cv-00824-MR   Document 7   Filed 01/11/24   Page 8 of 10

showing which Defendant(s) personally participated in the alleged assault(s) and which Defendant(s) failed to protect Plaintiff from harm. Moreover, should Plaintiff learn through discovery that an individual he has named as a Defendant merely arrived on the scene and had no role in any alleged constitutional violation, Plaintiff should voluntarily dismiss such Defendant(s) from the case.

## IV. CONCLUSION

For the foregoing reasons, the Court concludes that Plaintiff's claims based on the use of excessive force and the failure to protect him from harm survive initial review. Plaintiff, however, has failed to state a claim against Defendant MCDC and it will be dismissed.

## ORDER

**IT IS, THEREFORE, ORDERED** that Plaintiff's claims based on the use of excessive force and the failure to protect Plaintiff from harm survive initial review in accordance with this Order. Plaintiff's official capacity claims are **DISMISSED**.

**IT IS FURTHER ORDERED** that Defendant Mecklenburg County Detention Center is **DISMISSED** as Defendant in this matter.

The Clerk is instructed to mail fourteen (14) blank summonses to Plaintiff to fill out and identify the Defendants, and then return the

summonses to the Court. Plaintiff is required to provide the necessary information for the U.S. Marshal to effectuate service on the Defendants. When the Court receives the summonses from Plaintiff, the Clerk shall direct the U.S. Marshal to effectuate service upon the Defendants.

**IT IS SO ORDERED**.

Signed: January 11, 2024

Martin Reidinger
Chief United States District Judge