UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:23-cv-00824-MR-WCM

| | |
|---|---|
| RAMAR DION BENJAMIN CRUMP, ) ) ) Plaintiff, ) ) vs. ) ) ) OHIO CASUALTY INSURANCE ) COMPANY, et al., ) ) Defendants. ) _____ ) | ORDER |

**THIS MATTER** is before the Court on its review of the docket in this matter.

Pro se Plaintiff Ramar Dion Benjamin Crump ("Plaintiff") is a prisoner of the State of North Carolina currently incarcerated at Foothills Correctional Institution in Morganton, North Carolina. Plaintiff filed this action on November 30, 2023, pursuant to 42 U.S.C. § 1983, against Defendants Ohio Casualty Insurance Company ("Ohio Casualty") and Mecklenburg County Detention Center ("MCDC"), as well as 13 individual Defendants, who are alleged to be "Deputy Officers" of the Mecklenburg County Sheriff's Office. [Doc. 1]. On January 11, 2024, Plaintiff's Complaint passed initial review, except for Plaintiff's claim against Defendant MCDC, which the Court

dismissed. [Doc. 7]. The Clerk mailed Plaintiff 14 blank summonses for Plaintiff to fill out and identify the Defendants and return to the Court. [Id. at 9-10]. Plaintiff timely returned the completed Summonses, and on January 29, 2024, the Clerk electronically issued the Summonses to the U.S. Marshal for service on Defendants. [1/29/2024 (Court Only) Docket Entry; Doc. 8]. On February 19, 2024, all 13 individual Defendants answered Plaintiff's Complaint, and Defendant Clegg asserted a Counterclaim against Plaintiff for assault. [Doc. 9]. The Plaintiff was required to answer or otherwise respond to the Counterclaim by March 11, 2024. No answer has been filed to date.

On March 5, 2024, the Summonses for the individual Defendants were returned executed, all showing a date of service of February 12, 2024. [Doc. 10]. The same day, the Summons directed to Defendant Ohio Casualty was returned unexecuted. [Doc. 11]. It appears that Defendant Ohio Casualty remains unserved.

On April 22, 2024, the Court notified Plaintiff that it would dismiss Defendant Ohio Casualty without prejudice unless Plaintiff showed good cause for the failure to timely serve this Defendant within 14 days of the Court's Order. [Doc. 12]. Plaintiff has not responded to the Court's Order and the deadline to do so has expired.

Generally, a plaintiff is responsible for effectuating service on each named Defendant within the time frame set forth in Fed. R. Civ. P. 4(m), and failure to do so renders the action subject to dismissal. Under Rule 4(m):

> If a defendant is not served within 90 days after the complaint is filed, the court---on motion or on its own motion after notice to the plaintiff---must dismiss the action without prejudice against the defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). The service period in Rule 4(m) is tolled while the district court considers an *in forma pauperis* complaint. Robinson v. Clipse, 602 F.3d 605, 608 (4th Cir. 2010). Initial review of Plaintiff's Complaint in this case occurred on January 11, 2024. [Doc. 7]. Plaintiff, therefore, had until April 10, 2024 to serve Defendant Ohio Casualty. As noted, the Court notified Plaintiff that it would dismiss this Defendant without prejudice unless Plaintiff showed good cause for the failure to timely serve it. [Doc. 12]. Because Plaintiff has failed to show good cause for his failure to serve Defendant Ohio Casualty, the Court will dismiss Defendant Ohio Casualty without prejudice. See Fed. R. Civ. P. 4(m).

The Court will also order Defendant Clegg to take further action to prosecute the Counterclaim within fourteen (14) days of this Order. Failure to take any such action shall result in the dismissal of the Counterclaim

without prejudice.

## ORDER

**IT IS, THEREFORE, ORDERED** that Defendant Ohio Casualty Insurance Company is **DISMISSED** without prejudice.

**IT IS FURTHER ORDERED** that Defendant Clegg shall take further action to prosecute the Counterclaim within **fourteen (14) days** of this Order. Failure to take any such further action shall result in the dismissal of the Counterclaim without prejudice.

**IT IS SO ORDERED**.

Signed: May 25, 2024

Martin Reidinger
Chief United States District Judge